```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------X
JESSIE DENOSE,

                          Plaintiff,

        - against -                          ORDER

CITY OF NEW YORK, et al.,                    CV 2011-2741 (RRM)(MDG)

                          Defendants.
-------------------X
```

Plaintiff has moved for leave to amend the complaint to join Keisha Spivey, Hope Turner, Wanda Velez and Peter Lee as defendants. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be "freely given when justice so requires." See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971). Although there has been no opposition to the motion and the Proposed Amended Complaint is almost identical to the original complaint except for allegations regarding the newly named defendants, this Court is constrained to note a number of deficiencies in this proposed pleading.

1. First, in her first, third and fourth claims for relief, plaintiff has asserted combined claims under 42 U.S.C. § 1983 and under Bivens. Proposed Am. Compl. (ct. doc. 11, Ex. 1). Although "[i]n large measure, Bivens claims are analogous to claims brought under [section] 1983," Buczek v. Bruce, 2011 WL 1899769, at *3 (W.D.N.Y. 2011), claims under section 1983 and under Bivens are not coextensive, involve certain different legal considerations and necessarily arise from conduct by different individuals. See, e.g.,

Dotson v. Griesa, 398 F.3d 156, 162 (2d Cir. 2005) (Bivens actions may be brought to vindicate rights under the Fourth Amendment, Eighth Amendment and Due Process Clause, but "[b]ecause a Bivens action is a judicially created remedy . . . courts proceed cautiously in extending . . . relief"); LaTray v. Holder, 2010 WL 507926, at *4 (N.D.N.Y. 2010) ("Bivens actions, although not precisely parallel, are the federal analog to section 1983 actions against state actors").  The claims should be pled as separate claims to satisfy Rule 8 of the Federal Rules of Civil Procedures that there be "a short and plain statement of the claim."  Fed. R. Civ. P. 8(a)(2); see also Gay v. Terrell, 2012 WL 2564553, at *2 (E.D.N.Y. 2012) (construing plaintiff's claims against federal corrections officers brought under section 1983 as Bivens claims but directing that "if [plaintiff] decides to amend his complaint, he should make clear the appropriate Bivens cause of action").

    2.  Except for her fifth claim, plaintiff asserts her other claims generally against "defendants."  She must identify the defendants against whom she asserts each claim.  If she intends to assert a claim against all defendants, she should so specify.

    3.  The first sentence in paragraphs 7 through 10 of the Proposed Amended Complaint describes different proposed new defendants who are alleged to be employees of the United States Bureau of Prisons.  However, the second and third sentences of paragraphs 7 through 10 are identical and further allege that Spivey committed unlawful acts and is sued in both her individual and

official capacities.

4. The allegations regarding proposed defendant Peter Lee in paragraph 10 conflict with a subsequent allegation that he is a (deputy) U.S. Marshal and refer to him in the feminine. See paragraph 14, 4th sentence.

5. None of these defendants appears in the caption of the Proposed Amended Complaint.

6. Plaintiff does not specify with respect to her third claim whether she is asserting a deprivation of procedural due process, substantive due process or both. Given the sparse allegations in the Proposed Amended Complaint, it is unclear what the nature of her due process claims is.

CONCLUSION

Because the Proposed Amended Complaint requires significant revision, plaintiff's motion to amend is denied. However, plaintiff is granted leave to renew the motion and submit a revised proposed amended complaint by November 27, 2012. Prior to making such a motion, plaintiff should also consider whether she has a legal basis to assert claims against federal officers in their official capacities or on the basis of their supervisory roles.

SO ORDERED.

Dated:   Brooklyn, New York
         November 9, 2012

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE