UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JESSIE DENOSE,

                                                    Plaintiff,

                        -against-

THE CITY OF NEW YORK, KEISHA SPIVEY, HOPE
TURNER, WANDA VELEZ, PETER LEE, and NEW
YORK CITY CORRECTION OFFICERS JOHN DOES 1
through 10, (the name John Doe being fictitious, as the true
names are presently unknown),

                                                    Defendants.

------------------------------------------------------------------------ x

**FIRST AMENDED
COMPLAINT**

<u>Jury Trial Demanded</u>

11-CV-2741 (RRM)(MDG)

## PRELIMINARY STATEMENT

1.      This is a civil rights action alleging that the City of New York, City and Federal

Corrections Officers, and a Federal Law Enforcement Officer violated plaintiff's rights under 42

U.S.C. § 1983, *Bivens v. Six Unknown Agents,* and the Fourth, Fifth, Eighth, and Fourteenth

Amendments to the United States Constitution.  Specifically, Plaintiff alleges that, on

approximately November 23, 2010, Defendants seized her without probable cause, falsely

imprisoned her, subjected her to cruel and unusual punishment and deprived her of her right to

due process by holding her in custody beyond her conditional release date.  Plaintiff seeks

compensatory and punitive damages, attorneys' fees and costs, and such other and further relief

as the Court deems just and proper.

## JURISDICTION & VENUE

2.       This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, Article 1 of the New York Constitution, and New York and Federal Common Law.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367

3.       Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4.       Plaintiff is a citizen of the United States and a resident of Kings County in the City and State of New York.

5.       The City of New York (the "City") is a municipal corporation organized under the laws of the State of New York.

6.       Keisha Spivey ("Spivey") is an employee of the United States Bureau of Prisons who was acting in her capacities as federal law enforcement officer at all relevant times.  Spivey is liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. Spivey is sued in her individual capacity.

7.       Hope Turner ("Turner") is an employee of the United States Bureau of Prisons who was acting in her capacities as federal law enforcement officer at all relevant times.  Turner is liable for directly participating in the unlawful acts described herein and for failing to

2

intervene to protect plaintiff from unconstitutional conduct. Turner is sued in her individual capacity.

8.      Wanda Velez ("Velez") is an employee of the United States Bureau of Prisons who was acting in her capacities as a federal law enforcement officer at all relevant times. Velez is liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. Velez is sued in her individual capacity.

9.      Peter Lee ("Lee") is a United States Marshall who was acting in his capacity as a federal law enforcement officer at all relevant times. Lee is liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. Lee is sued in his individual capacity.

10.     NEW YORK CITY CORRECTIONS OFFICERS JOHN DOES 1 through 10 (the "City Correction Officers") are members of the New York City Department of Correction who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. The City Correction Officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The City Correction Officers are sued in their individual and official capacities.

## STATEMENT OF FACTS

11.     On November 23, 2010, Plaintiff was unlawfully seized by Federal Law Enforcement Officers and transported to Essex County, New Jersey, for questioning as a witness in an unrelated criminal matter.

3

12.     On or about December 7, 2010, Plaintiff was transported to the Metropolitan Correctional Center ("MCC") in Manhattan, a correctional facility operated by the United States Bureau of Prisons.

13.     On January 4, 2011, Plaintiff informed Keisha Spivey, her case manager at MCC, that she was scheduled to have been released from the custody of the New York City Department of Correction.

14.     On January 5, 2011, Plaintiff again informed Ms. Spivey that she was scheduled to have been released.  Ms. Spivey instructed Plaintiff that any further requests to be released would result in Plaintiff's transfer to punitive housing.

15.     Defendants Turner and Velez, Spivey's supervisors, and Lee, a United States Marshall, were informed of Plaintiff's excessive detention and took no action to procure Plaintiff's release.

16.     The defendant New York City Corrections Officers, were also aware that plaintiff was being illegally detained, but neither retrieved plaintiff from MCC, nor ordered her release.

17.     On January 18, 2011, two weeks late, City Correction Officers finally released Plaintiff.

18.     Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, and humiliation.

19.     Within 90 days of the events set forth above, plaintiff caused to be served on the Comptroller of the City of New York a Notice of Claim. To date, the City has made no adjustment or payment with respect to this Notice of Claim.

20.     This action is commenced within one year and 90 days of the events described above.

## FIRST CLAIM

### (*BIVENS* FALSE IMPRISONMENT)

21.     Plaintiff repeats the foregoing allegations.

22.     Defendants Spivey, Turner, Velez and Lee violated the Fourth Amendment because they seized and detained Plaintiff without probable cause.

23.     Plaintiff was aware of her confinement and did not consent to it.

24.     The confinement was not otherwise privileged.

25.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## SECOND CLAIM

### (§1983 FALSE IMPRISONMENT)

26.     Plaintiff repeats the foregoing allegations.

27.     The City of New York and the City Corrections Officers, violated the Fourth Amendment because they seized and detained Plaintiff without probable cause.

28.     Plaintiff was aware of her confinement and did not consent to it.

29.     The confinement was not otherwise privileged.

30.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## THIRD CLAIM

### (STATE LAW FALSE IMPRISONMENT)

31.     Plaintiff repeats the foregoing allegations.

32.     The City of New York and City Correction Officers violated the New York State Constitution and the laws of the State of New York because they arrested plaintiff without probable cause.

33.     Plaintiff was aware of her confinement and did not consent to it.

34.     The confinement was not otherwise privileged.

35.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

*36.*     The City Corrections Officers are responsible for the false imprisonment of Plaintiff.  Defendant City of New York, as an employer of the individual City Corrections Officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

**FOURTH CLAIM**

**(§1983 CRUEL AND UNUSUAL PUNISHMENT)**

37.     The City Correction Officers held Plaintiff in custody beyond her expected release date.

38.     The City Corrections Officers did so as the result of deliberate indifference.

39.     By their actions, the City Defendants subjected Plaintiff to cruel and unusual punishment.

40.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

**FIFTH CLAIM**

**(*BIVENS* CRUEL AND UNUSUAL PUNISHMENT)**

41.     Defendants Spivey, Turner, Velez and Lee held Plaintiff in custody beyond her expected release date.

6

42.     Defendants Turner, Spivey, and Lee did so as the result of deliberate indifference.

43.     By their actions, the Turner, Spivey, and Lee subjected Plaintiff to cruel and unusual punishment.

44.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.      Compensatory damages in an amount to be determined by a jury;

b.      Punitive damages in an amount to be determined by a jury;

c.      Costs, interest and attorneys' fees;

d.      Such other and further relief as the Court may deem just and proper.

DATED:      December 4, 2012
               New York, New York

**ROBERT MARINELLI**
Attorney at Law
299 Broadway, Suite 1501
New York, New York 10007
(212) 822-1427

8